IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAIʻI

| | |
|---|---|
| SCOTT LYNN BALLERING,<br><br>Plaintiff,<br><br>v.<br><br>COSTCO CORPORATION,<br><br>Defendant. | Case No. 20-cv-00535-DKW-RT<br><br>**ORDER DENYING PLAINTIFF'S APPLICATION TO PROCEED WITHOUT PREPAYMENT OF FEES OR COSTS** |

On December 7, 2020, Plaintiff Scott Lynn Ballering filed a complaint and an application to proceed without paying fees or costs, otherwise called an *in forma pauperis* or "IFP application." Because Ballering has failed to demonstrate an inability to pay, his IFP application, Dkt. No. 4, is DENIED.

Section 1915(a)(1) permits a district court to authorize the commencement of a civil suit without prepayment of fees or security therefor by "a person who submits an affidavit that includes a statement of all assets" and that demonstrates an inability to pay. 28 U.S.C. § 1915(a)(1). That affidavit "must allege poverty with some particularity, definiteness and certainty." *Escobedo v. Applebees*, 787 F.3d 1226, 1234 (9th Cir. 2015) (citing *United States v. McQuade*, 647 F.2d 938, 940 (9th Cir. 1981)). While Section 1915(a) does not require a litigant to demonstrate absolute destitution, *Adkins v. E.I. Du Pont de Nemours & Co.*, 335

U.S. 331, 339 (1948), the applicant must nonetheless show that he is "unable to pay such fees or give security therefor," 28 U.S.C. § 1915(a)(1).

Ballering's IFP application indicates he is not working but receives income from a pension (about $650 a month) as well as from an investment account.   Dkt. No. 4 at 1.   The interest on Ballering's investment account alone nets him about $20,000 annually.   *Id.*   In addition, he claims to have $12,500 in cash or in a checking or savings account, a 2016 Jeep vehicle and about $10,000 worth of personal items.   *Id.* at 2.   He claims about $2,500 in monthly expenses with no debts or financial obligations.   *Id.*

These circumstances do not demonstrate Ballering is "unable to pay" court filing fees of a few hundred dollars.   *See* 28 U.S.C. § 1915(a)(1).   Quite the contrary.   It appears Ballering has access to large sums and the imposition of court costs would have only a minimal impact on his financial situation.   In short, Ballering's financial circumstances are not of the type the law was designed to accommodate; a would-be plaintiff must allege "poverty"—not merely inconvenience—to proceed without paying fees or costs.   *See Escobedo*, 787 F.3d at 1234.   Not only does Ballering's IFP application fail to support such an allegation, it clearly refutes it.

## CONCLUSION

Ballering's IFP application, Dkt. No. 4, is DENIED.   **Ballering is**

**ORDERED to pay the $402 civil filing fee to the Clerk's Office no later than**

**December 16, 2020**.   The Court cautions that if the filing fee is not paid in full by

that date, the Court will, with no further notice, dismiss Ballering's complaint.

IT IS SO ORDERED.

Dated: December 9, 2020 at Honolulu, Hawai'i.



Derrick K. Watson
United States District Judge

---

*Scott Lynn Ballering v. Costco Corporation*, Civil No. 20-00535-DKW-RT;
**ORDER DENYING APPLICATION TO PROCEED WITHOUT**
**PREPAYMENT OF FEES OR COSTS.**